

# The Attorney General of Texas

June 6, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren G. Harding
Texas State Treasurer
LBJ Building
Austin, Texas 78711

Opinion No. MW-193

Re: Distribution of interest in suspense account.

Dear Mr. Harding:

You have 'requested our opinion regarding the distribution of interest on funds received by the State for disbursement to counties pursuant to 16 U.S.C. section 500. That statute provides, in pertinent part:

> . . . [T]wenty-five per centum of all moneys received during any fiscal year from each national forest shall be paid, at the end of such year, by the Secretary of the Treasury to the State or Territory in which such national forest is situated, to be expended as the State or Territorial legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated. . . .

The legislature has prescribed the distribution of these funds as follows:

> Whereas Congress has heretofore passed a law which provides that thereafter twenty-five per centum (25%) of all moneys received during any fiscal year from each national forest shall be paid at the end thereof by the Secretary of the Treasury to the State or Territory in which said forest is situated to be expended as the State or Territorial Legislature may prescribe for the benefit of the public schools and the public roads of the county or counties in which the national forest is situated, and whereas the Legislature of the State of Texas has not prescribed any method for prorating said funds, now, therefore, be it enacted that the Commissioners Courts of the counties in Texas in which such national forests are situated are hereby authorized to prorate all such funds received and to be received from the Federal Government for timber and all other income derived from such lands as follows:

> Fifty per cent (50%) of such money received shall be allocated to the school districts in proportion to the area in said districts, and fifty per cent (50%) of same to the county for the benefit of the public roads in said county. . . .

V.T.C.S. art. 2351b-4. Pursuant to these statutes, the State Treasurer received a check from the United States Department of Agriculture, in the amount of $1,415,000, on October 5, 1979. The funds were disbursed to the various counties as of December 31, 1979. You ask about the disposition of interest earned on the money during the approximately three months it was in the custody of the State Treasurer.

Article 2543d, V.T.C.S., provides:

> Section 1. Interest received on account of time deposits of moneys in funds and accounts in the charge of the State Treasurer shall be allocated as follows: To each constitutional fund there shall be credited the pro rata portion of the interest received due to such fund. The remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. . . .

In Attorney General Opinion M-468 (1969), this office held that article 2543d is not applicable to interest on federal funds granted to the State for specific purposes. Such funds are trust funds, and any income derived therefrom becomes part of the fund, to be used only for the purposes for which the grant was made, and not for the general operation of State government. See Attorney General Opinion H-1040 (1977).

The funds about which you inquire are clearly to be expended for a specific purpose, i.e., "for the benefit of the public schools and public roads of the county or counties in which [the] national forest is situated." 16 U.S.C. § 500. Furthermore, in Trinity Independent School District v. Walker County, 287 S.W.2d 717, 722 (Tex. Civ. App. — Galveston 1956, writ ref'd n.r.e.), the court held that the purpose of the federal statute is:

> to create trusts for the benefit of counties in which national forests are located in recognition of the national interest in education and road building.

(Emphasis added). In our opinion, since funds distributed under the authority of 16 U.S.C. section 500 are trust funds, article 2543d, V.T.C.S., is inapplicable. As a result, depository interest earned on such funds should be disbursed to the appropriate counties on a pro rata basis.

## SUMMARY

Depository interest earned on federal funds disbursed by the State Treasurer to various counties under 16 U.S.C. section 500 should be distributed to the appropriate counties on a pro rata basis.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood